**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN KEITH BRAGG,

        Plaintiff,

        v.

BRIAN M. HUGHES, et al.,

        Defendants.

Civil Action No. 10-1261 (GEB)

**O P I N I O N**

RECEIVED

NOV - 1 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

Brian Keith Bragg, Pro Se
#648827
South Woods State Prison
215 S. Burlington Road
Bridgeton, NJ 08302

**BROWN, JR.**, Chief Judge

Plaintiff, Brian Keith Bragg, confined at the South Woods State Prison, New Jersey, has submitted this civil complaint alleging violations of his constitutional rights, and seeking damages pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee, and seeks permission to proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, this Court will grant his request.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2).

For the following reasons, the complaint will be partially dismissed.

## BACKGROUND

Plaintiff claims that on December 16, 2009, presumably while confined at the Mercer County Correctional Center ("MCCC"), Plaintiff threw a mixture of coffee and spoiled milk under his cell door in protest of his conditions of confinement. Shortly thereafter, defendants Gorsky, McCall, and John and Jane Doe defendants were at his cell door making threats of physical violence. Plaintiff was ordered to his cell door to "cuff-up" and complied. With cuffed arms, defendants attempted to force Plaintiff into a "restraint chair." Plaintiff refused and the defendants "punched and kicked Plaintiff with their fists and boots and Defendant S. Davis almost choked the life out of Plaintiff in front of other supervisor officers who stood by and watched laughing as if [Plaintiff] being choked was amusing to them." (Complt., p. 2). As a result, Plaintiff sustained injuries.

Plaintiff was taken to the medical department. Defendant Folson, a Physician Assistant, attempted to place him back into the restraint chair despite his pleas of pain. Plaintiff resisted and again was punched and kicked until he submitted. Plaintiff received additional injuries. (Complt., p. 3).

Plaintiff was left in the restraint chair for over eight hours and was released without incident. He did not receive a disciplinary charge.

Plaintiff states that for years prior to December 16, 2009 various defendants were "put on notice that defendant M.C.C.C. had a custom or policy in unnecessary [use] of deadly, physical, mechanical, or chemical force," and that their failure to bring about change was the "moving force behind Plaintiff's injuries." (Complt., p. 3). Plaintiff asserts that the conditions at MCCC are "deplorable," and lists what he alleges to be the unsuitable conditions: (1) defendants are illegally opening his legal mail outside of his presence; (2) defendants are denying him psychological treatment; (3) defendants are denying him reading material; (4) defendants McCall and Palmer took personal property from Plaintiff; and (5) defendants Ellis and Rogers have not provided an adequate law library. (Complt., p. 4).

Plaintiff also claims that inmate complaints are not taken seriously, and that various defendants failure to do their jobs creates an excessive risk to Plaintiff. (Complt., p. 5). Plaintiff asks for monetary and other relief.[1]

---

[1] The Court notes that Plaintiff named numerous defendants that were not placed on the docket by the Clerk of the Court. Therefore, the Clerk of the Court will be ordered to amend the docket to list these additional defendants. The Court also notes that although Plaintiff refers to defendant "Lt. Gorsky," Lt. Gorsky is not named as a defendant either in the caption or on Plaintiff's additional defendants list. However, the Court will

**DISCUSSION**

A.  **Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, § § 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines

---

order the Clerk of the Court to add Lt. Gorsky as defendant, as it is plain from the complaint that this was Plaintiff's intention.

Additionally, defendant Honorable Joel A. Pisano will be dismissed from this action, with prejudice, as judges are absolutely immune from suit under § 1983 for actions taken in their judicial capacity.  See Mireles v. Waco, 502 U.S. 9 (1991).

4

v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2).[2] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Phillips v. County of Allegheny, 515 F.3d 224, 230-34

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

(3d Cir. 2008); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Standard of Review for Pretrial Detainees**

Pre-trial detainees and convicted but unsentenced prisoners retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. See <u>Hubbard v. Taylor</u>, 399

6

F.3d 150 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000). Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979). See Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law....
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention....
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not

>     constitutionally be inflicted upon detainees qua
>     detainees....

Bell, 441 U.S. at 535-39 (citations omitted).

Plaintiff, as a pretrial detainee at the time he filed this complaint, asserts that certain defendants violated his right to be free of the excessive use of force. He also claims that the conditions of his confinement violate the constitution. Because Plaintiff was a pretrial detainee during the incident at issue, his claims are analyzed under the due process clause under Bell.

D.   **Excessive Force Claims**

As to Plaintiff's claims regarding excessive force, Plaintiff names only the following officers in regard to the December 16, 2009 incidents: Gorsky, McCall, and Davis, and John/Jane Doe defendants.

As the Court of Appeals for the Third Circuit has explained, "the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage[ ]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 230-34 (original brackets removed)(internal citations omitted). In this case, Plaintiff has alleged enough facts to suggest that excessive force may have been committed against him, and that it could plausibly amount to "punishment"

as set forth in <u>Bell</u>.  Thus, Plaintiff's excessive force claims will proceed only against the named defendants mentioned above, who are alleged by Plaintiff to have personal involvement in the incidents.  Plaintiff may move to amend his complaint as to this claim, in accordance with the court rules, if he discovers additional defendants involved in this alleged claim.

E.   **Conditions of Confinement Claims**

Here, Plaintiff writes a laundry list of complaints against the MCCC, alleging that his legal mail is opened outside of his presence, he is not being medically treated for psychological problems, he is deprived of reading material and personal property, and that defendants have not provided an adequate law library.

However, as pled, Plaintiff has not alleged sufficient facts to pass <u>sua sponte</u> screening on these claims; rather, he makes conclusory statements without factual support for them.[3]  Thus, the claims will be dismissed.  Plaintiff may move to file an amended complaint to correct these deficiencies, and to allege sufficient facts to demonstrate the plausibility of these claims, as outlined in <u>Iqbal</u>, and this Opinion, section A.  Plaintiff's motion to amend must adhere to the court rules, and must not

---

[3] This Court also notes that Plaintiff has numerous cases pending in this District Court.  Plaintiff is cautioned that if any of these claims are currently pending in any of his other ongoing lawsuits, the claims are precluded from also being asserted here.

allege any claims that are currently pending before the Court in Plaintiff's other ongoing matters.

## CONCLUSION

For the reasons set forth above, Plaintiff's excessive force claim will be permitted to proceed. The remainder of the complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2).

An appropriate order accompanies this opinion.

```
                                    _____
                                    GARRETT E. BROWN, JR.
                                    Chief Judge
                                    United States District Court
```

Dated: